# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6209 | **DATE** | December 19, 2007 |
| **CASE TITLE** | | Wendell Thompson (#30421) v. Patrick Perez | |

**DOCKET ENTRY TEXT:**

Plaintiff Wendell Thompson's motion for leave to file his complaint *in forma pauperis* [3] is granted. The Court authorizes the Kane County Jail trust fund account officer to deduct, as an initial partial payment of the filing fee, $5.00 from plaintiff's account, and to continue making deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Kane County Jail. Plaintiff may proceed with his claims against Kane County Sheriff Patrick Perez. Kane County Jail is not a suable party and is dismissed as a defendant. The clerk shall issue summons for Kane County Sheriff Patrick Perez, and the United States Marshals Service shall serve this defendant. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Wendell Thompson (#30421), currently incarcerated at Kane County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Kane County Jail's policy of not forwarding mail to transferred inmates' new locations has prevented plaintiff from receiving mail.

    The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $5.00. The supervisor of inmate trust accounts at Kane County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Kane County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to a state correctional facility.

**(CONTINUED)**

     isk

**STATEMENT (continued)**

    A preliminary review of plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he may proceed with his claim of delays with receiving mail. Although a single incident of delay may not support a valid civil rights claim, *see Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir.2001), allegations of repeated unreasonable delays with receiving mail may establish a violation of an inmate's constitutional right. *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 306 (7th Cir.1993); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996).

    The United States Marshals Service is appointed to serve defendant Kane County Sheriff Patrick Perez. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former employees who can no longer be found at the work address provided by plaintiff, the Kane County Sheriff's Office shall furnish the Marshal with defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.